UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN A. KELLY,<br>    **Plaintiff**<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY,<br>as Trustee for Soundview Home Loan Trust 2006-OPT3,<br>Asset-Backed Certificates, Series 2006-OPT3, and<br>SAND CANYON CORPORATION, f/k/a Option<br>One Mortgage Corporation,<br>    **Defendant** | Civil No. 11-10328-RGS |

**PLAINTFF'S SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS**
**(Leave to file granted June 2, 2011)**

Plaintiff John A. Kelly submits this sur-reply memorandum of law in opposition to the motion to dismiss filed by Deutsche Bank National Trust Company, Trustee. For the reasons set forth herein and in plaintiff's opening memorandum, the motion must be denied in its entirety.

**I.  DEFENDANT HAS FAILED TO MEET ITS BURDEN OF SHOWING THAT MASSACHUSETTS LAW PROHIBITS PLAINTIFF FROM RESCINDING VIA RECOUPMENT IN THIS ACTION.**

In its reply memorandum, defendant attempts to avoid the clear teachings of *Fidler v. Central Coop. Ban (In re Fidler),* 226 B.R. 734 (Bankr.D.Mass. 1998) and *Maxwell v. Fairbanks Capital Corp. (In re Maxwell),* 281 B.R. 101 (Bankr.D.Mass. 2002), by positing that the MCCCDA recoupment claims asserted in those cases were only allowed to proceed because the creditors had asserted rights in the homeowners' bankruptcy cases by filing a proof of claim or a motion for relief from stay. Defendant's

theory is sorely misguided: there is simply no language in either of those decisions – certainly none cited by defendant – which expressly conditions the viability of an MCCCDA recoupment claim on the taking of such or similar steps by the creditor.

Moreover, even prior to those decisions the Bankruptcy Court had determined the issue in favor of the homeowner. In *Botelho v. Citicorp Mortgage (In re Botelho),* 195 B.R. 558 (Bankr.D.Mass. 1996), the Court squarely rejected the position urged by defendant here, holding that the homeowner's MCCCDA rescission claim could proceed because it had been raised defensively in response to the bank's foreclosure efforts, explaining:

> [b]oth the alleged TILA violations and Citicorp's claim arose from the 1989 transaction. It is undisputed that the Debtor asserted her right to rescind the transaction in defense to Citicorp's foreclosure. The fact that the Debtor is the plaintiff in this adversary proceeding does not preclude the Court from finding that she raised her TILA claims defensively

*Id.,* at 563. Similarly, in *In re Divittorio,* 2009 WL 2246138 *9 (Bankr.D.Mass. July 23, 2009), *vacated and remanded on other grounds,* 423 B.R. 391 (D.Mass. 2010), the Court held that a rescission claim brought via recoupment in an adversary proceeding was viable, concluding: "the Debtor is asserting his CCCDA claims defensively in response to the Defendant's impending foreclosure of the Property . . . [the complaint] was not filed in a vacuum and the Defendant's collection attempts cannot be ignored."[1]

---

[1] Courts sometimes state that in order for a recoupment claim to be timely, the "main action" must also be timely." *See,* e.g., *Fidler,* 226 B.R. 734, 737, citing *Smith v. American Financial Systems, Inc. (In re Smith),* 737 F.2d 1459, 1553 (11th Cir. 1984). To the extent this may be a requirement of Massachusetts law, plaintiff's position is that the term "action" does not, and cannot, refer only to litigation commenced by an adverse party, but also encompasses any activities taken by the adverse party to assert rights arising out of the subject transaction (in this case, foreclosing a mortgage through the statutory power of sale). Indeed, the filing of a proof of claim or motion for relief from stay in a bankruptcy case hardly constitute the filing of an "action," i.e., a civil or criminal judicial proceeding. However, to the extent that there must be an actual judicial proceeding commenced by the adverse party, that criterion has been satisfied here by

It is not surprising that defendant's position is unsupported by the case law. Given the extrajudicial foreclosure procedure utilized in Massachusetts, defendant's position would have the effect of forcing into Bankruptcy Court every Massachusetts homeowner faced with foreclosure who discovers an MCCCDA claim more than four years after the transaction, there to await the filing of a proof of claim, a motion for relief from stay, or some other "action" by the creditor before being able to assert a viable rescission claim. This is hardly consistent with either the substance or spirit of MCCCDA or the liberal construction it must be given.

Accordingly, defendant's motion to dismiss count I of the complaint should be denied.

## II. **DEFENDANT HAS NOT DEMONSTRATED IT IS ENTITLED TO FORECLOSE THE MORTGAGE WITHOUT HAVING THE RIGHT TO ENFORCE THE PROMISSORY NOTE.**

For the first time in its reply memorandum, defendant argues that count II of the complaint should be dismissed because defendant can conduct a foreclosure sale of plaintiff's home even though defendant may not have authority to enforce the underlying obligation. Defendant's argument should be rejected outright because it was not raised as a ground for dismissal in its original motion to dismiss. However, even if considered by the Court, it must be rejected.

The single authority cited by defendant is a federal court decision where the Court simply noted that the Massachusetts foreclosure statute – G.L. c. 244, §14 – "makes no mention of note holders." *McKenna v. Wells Fargo Bank, N.A.,* 2011 WL 1100160*2 (D.Mass. March 21, 2011). This is hardly the kind of thorough analysis of a critical

---

defendant's filing of a Soldiers and Sailors Petition in the Massachusetts Superior Court prior to the commencement of the instant case. *See* Affidavit of Kenneth D. Quat, Esquire, exhibit A.

state-law issue which is sufficient to sustain defendant's burden on its motion, particularly since the ruling conflicts directly with the *Restatement* and a myriad of decisions from other jurisdictions.  Accordingly, defendant's motion should be denied with respect to count II of the complaint.  At most, the Court should defer a decision on count II and certify the issue for determination to the Supreme Judicial Court pursuant to SJC Rule 1:03.

## Conclusion

For all the above reasons, as well as those set forth in plaintiff's opening memorandum, the Court should deny defendant's motion to dismiss in its entirety.

Plaintiff, by his attorney:

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
678 Massachusetts Avenue, Suite 702
Cambridge MA 02139
(617) 492-0522
ken@quatlaw.com

## Certificate of Service

The undersigned certifies that on June 3, 2011, the foregoing document was served via the Court's ECF system on all registered participants, and via first class mail, postage prepaid, on all non-registered parties.

*/s/Kenneth D. Quat*

4