UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10328-RGS

JOHN A. KELLY

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee for Soundview Home Loan Trust 2006-OPT3, Asset-Backed Certificates, Series 2006-OPT3, and SAND CANYON CORPORATION, f/k/a Option One Mortgage Corporation

MEMORANDUM AND ORDER ON
DEFENDANT DEUTSCHE BANK'S MOTION TO DISMISS

June 9, 2011

STEARNS, D.J.

This case arises from plaintiff John A. Kelly's attempt to save his home from foreclosure by invoking a rescission of the underlying mortgage. On March 7, 2011, defendant Deutsche Bank National Trust Company (Deutsche Bank)[1] moved to dismiss all claims. A hearing on the motion was held on June 7, 2011.

BACKGROUND

On December 30, 2005, Kelly refinanced the mortgage on his single family home at 1 Daybreak Drive in Dracut, Massachusetts, with Option One Mortgage Corporation

---

[1] Deutsche Bank is suing in its capacity as trustee of the Soundview Home Loan Trust 2006-OPT3, Asset-Backed Certificates, Series 2006-OPT3.

(now known as "Sand Canyon Corporation").[2]  Kelly later defaulted on his mortgage payments.  Deutsche Bank, acting as the trustee-holder of the mortgage, commenced foreclosure proceedings and scheduled a foreclosure sale for February 16, 2011.  On February 4, 2011, Kelly filed the instant lawsuit in Middlesex Superior Court.  On February 28, 2011, the case was removed to the federal district court on diversity grounds.[3]

Count I alleges that Kelly has a right of rescission under the MCCCDA by way of recoupment because Option One failed to provide him with *two* copies of the notice of his right to cancel the transaction.[4]  Count II alleges that Deutsche Bank lacks the

---

[2] According to the Complaint, the mortgage loan was a consumer credit transaction subject to a three business-day right of rescission pursuant to Mass. Gen. Laws ch. 140D, § 10(a), also known as the Massachusetts Consumer Credit Cost Disclosure Act (MCCCDA).

[3] The Superior Court issued a Short Order of Notice returnable on February 14, 2011.  After a hearing, Justice Billings temporarily enjoined the foreclosure sale.  The Superior Court did not forward the case file to this court until March 28, 2011.  Deutsche Bank, however, has abided by the terms of the injunction pending this court's decision.

[4] Under the federal Truth in Lending Act (TILA), "a creditor shall deliver two copies of the notice of the right to rescind to each consumer . . . ." 12 C.F.R. § 226.23.  (The MCCCDA is "closely modeled" on TILA. *Mayo v. Key Fin. Servs., Inc.*, 424 Mass. 862, 864 (1997)).  Kelly asserts that he was only given a single copy.  For present purposes, the court will assume (dubitante) that the Massachusetts state court would find the failure to tender a second copy of the right to cancel notice a material breach of the MCCCDA in accordance with TILA.  Judge Tauro concluded otherwise in *McKenna v. Wells Fargo Bank, N.A.*, 2011 WL 1100160, * 2 (D. Mass. Mar. 21,

power to initiate a foreclosure under Massachusetts law because it is neither the holder of the underlying promissory note nor a transferee of the note with the rights of a holder. Count III alleges in the alternative that Deutsche Bank did not acquire the note and/or mortgage in accordance with the terms of the Pooling and Servicing Agreement (PSA) and is therefore not a valid assignee. Deutsche Bank moves to dismiss the Complaint on grounds of lack of subject-matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and failure to state a claim, Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

### *Standard of Review under Fed. R. Civ. P. 12(b)(6)*[5]

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "While a complaint attacked by a Rule 12(b)(6) motion does not need

---

2011). *See also Melfi v. WMC Mortg. Corp.*, 568 F.3d 309, 312 (1st Cir. 2009) ("technical deficiencies do not matter if the borrower receives a notice that effectively gives him notice as to the final date for rescission and has the three full days to act. Our test is whether any reasonable person, in reading the form provided in this case, would so understand it.")

[5] While a federal court must ordinarily decide the 12(b)(1) jurisdictional issue first, if good reasons counsel otherwise, the court may proceed directly to the 12(b)(6) motion. A good reason is presented, for example, when the 12(b)(1) motion is predicated solely on the lack of a federal question or, where as here, the 12(b)(1) motion is not dispositive of the case. *See Ne. Erectors Ass'n of the BTEA v. Sec'y of Labor*, 62 F.3d 37, 39 & n.1 (1st Cir. 1995).

detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 545 (internal citations omitted). *See also Berner v. Delahanty*, 129 F.3d 20, 25 (1st Cir. 1997) (dismissal for failure to state a claim is appropriate if the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory"), quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010), citing *Twombly*, 550 U.S. at 555.

### *Count I*

Deutsche Bank first argues that Kelly fails to state a claim upon which relief can be granted because any right of rescission is time-barred by the MCCCDA. Under the MCCCDA, if the statutorily required disclosures are not provided at or delivered following the closing, a plaintiff's "right of rescission shall expire four years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . ." Mass. Gen. Laws ch. 140D, § 10(f). Deutsche Bank maintains that Kelly's right of rescission has expired because the loan transaction was consummated

on December 30, 2005, and he did not attempt to invoke the right to rescind until the filing of this action on February 4, 2011.

For his part, Kelly argues that the four-year limitations period does not apply because he seeks rescission by way of recoupment. In support of this argument, Kelly points to section 10(i)(3) of the MCCCDA, which explicitly notes that "[n]othing in this section shall be construed so as to affect a consumer's right of recoupment under the laws of the commonwealth." Mass. Gen. Laws ch. 140D, § 10(i)(3). Kelly reasons that the only way to construe section 10 to give full effect to its provisions is to read it as requiring that an affirmative act of rescission by a debtor occur within the four-year limitations period, while permitting a defensive action of recoupment to be filed by the debtor at any time.[6]

The common-law doctrine of recoupment "allows a defendant to 'defend' against a claim by asserting - up to the amount of the claim - the defendant's own claim against the plaintiff growing out of the same transaction." *Bolduc v. Beal Bank, SSB,* 167 F.3d

---

[6] Kelly argues that two Bankruptcy Court decisions, *In re Fidler*, 226 B.R. 734 (Bankr. D. Mass. 1997), and *In re Maxwell*, 281 B.R. 101 (Bankr. D. Mass. 2002), support his position that his rescission claim is timely. As Deutsche Bank notes, the cases are readily distinguishable because of the bankruptcy context in which they arose – in both cases the debtor claimed recoupment as a defense (offset) to a creditor's proof of claim or motion for relief from the automatic stay, circumstances in which the Bankruptcy Court has broad equitable powers to revise or extinguish a creditor's rights at law.

667, 672 (1st Cir. 1999), citing 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1401 (2d ed. 1990). The affirmative defense of recoupment, properly applied, may only serve "to reduce or extinguish the plaintiff's claim, but it c[an] not result in an affirmative recovery for the defendant." *Bose Corp. v. Consumers Union of U. S., Inc.*, 367 Mass. 424, 427-428 (1975).[7] Here, Kelly is not asserting recoupment as a defense, but is attempting to use it to obtain affirmative relief (cancellation of his debt).

Moreover, at law "a party requesting rescission must 'restore or offer to restore all that he received' through the contract, although it 'has been held that, where complete restoration is not possible, rescission may, nevertheless, be granted upon such equitable conditions as would amply protect the rights of the defendant.'" *Walsh v. Chestnut Hill Bank & Trust Co.*, 414 Mass. 283, 288 (1993) (citation omitted). Even where, as here, rescission allegedly results from a "defendant's wrongful actions, '[i]n the absence of special circumstances rendering it inequitable the defendant will, in general, be entitled to credit for payments made by [him] . . . .'" *Keville v. McKeever*, 42 Mass. App. Ct. 140, 159 (1997). To extinguish a substantial debt over an arguably

---

[7] The strict demarcation between law and equity was abolished in Massachusetts on July 1, 1974, and with it the doctrine of recoupment, which is now supplanted by a single civil action in which the counterclaim performs the function of recoupment. The doctrine of recoupment, however, remains viable in bankruptcy law, where all actions are equitable in nature.

immaterial ministerial error, as Kelly seeks, would accomplish the opposite of equity by conferring on him an unjustly enriching gain at his creditor's expense. The court finds that as a matter of law, Kelly's right of rescission has long expired under the MCCCDA's statute of limitations, and that he may not revive the action by restyling what in effect is a counterclaim as a recoupment. Deutsche Bank's motion to dismiss Count I consequently will be allowed.

*Count II*

Deutsche Bank next argues that Count II should be dismissed because Kelly lacks standing to challenge its right to initiate a foreclosure. In his Complaint, Kelly alleges that Deutsche Bank is neither the holder of the underlying promissory note nor a transferee with the rights of the holder.[8] Deutsche Bank asserts that it is not required to demonstrate that it is a holder of the note because the Massachusetts statute governing foreclosure sales grants the foreclosure power to the "mortgagee or person having his estate in the land mortgaged." Mass. Gen. Laws ch. 244, § 14. The court agrees with Deutsche Bank's reading of the statute and notes that at least two other judges in the District of Massachusetts have reached the same conclusion. *See*

---

[8] Under Massachusetts law, the transfer of a note secured by a mortgage automatically transfers the mortgage with it, without the necessity of a formal assignment or delivery. *First Nat'l Bank of Cape Cod v. N. Adams Hoosac Sav. Bank*, 7 Mass. App. Ct. 790, 796 (1979).

*McKenna*, 2011 WL 1100160, at *2 ("Under Massachusetts law, the current record mortgagee and holder of the mortgage is the proper party to foreclose upon a property. The Massachusetts statute governing foreclosures makes no mention of note holders.") (footnotes omitted); *Valerio v. U.S. Bank, N.A.*, 716 F. Supp. 2d 124, 128 (D. Mass. 2010) (Gorton, J.) ("The Massachusetts statute governing foreclosure sales is addressed to mortgagees, not note holders."). Deutsche Bank's motion to dismiss Count II will therefore be allowed.[9]

### Count III

Lastly, Deutsche Bank argues that Kelly lacks standing to challenge its authority to foreclose under Massachusetts state law because he is neither a party to the PSA nor an intended third-party beneficiary. *Macksey v. Egan,* 36 Mass. App. Ct. 463, 468-469 (1994). To recover as a third-party beneficiary in Massachusetts, a plaintiff must show that he was an intended beneficiary of the contract. *Cumis Ins. Soc'y, Inc. v. BJ's Wholesale Club, Inc.*, 455 Mass. 458, 464 (2009). "Because third-party beneficiary status constitutes an exception to the general rule that a contract does not grant enforceable rights to nonsignatories, . . . a person aspiring to such status must show with special clarity that the contracting parties intended to confer a benefit on him."

---

[9] Deutsche Bank also makes the point that Kelly's assertion that it is not the holder of the promissory note is a conclusory allegation unsupported by any factual evidence. *See* Compl. ¶ 15.

*McCarthy v. Azure*, 22 F.3d 351, 362 (1st Cir. 1994). Because Kelly has not made the requisite showing by pleading or otherwise,[10] Deutsche Bank's motion to dismiss Count III will be allowed.

ORDER

For the foregoing reasons, Deutsche Bank's motion to dismiss Counts I, II, and III will be <u>ALLOWED</u>. The Clerk will enter a dismissal pursuant to Rule 12(b)(6) and close the case.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

---

[10] Kelly does not dispute that he is neither a party to, nor a third-party beneficiary of, the PSA; rather, he contends that his claim is not premised on either fact. Ostensibly relying on *U.S. Bank Nat'l Ass'n v. Ibanez,* 458 Mass. 637 (2011), Kelly bases his challenge to Deutsche Bank's authority to foreclose on the ground that the assignment of the loan to Deutsche Bank was invalid. As Deutsche Bank counters, the *Ibanez* plaintiffs had filed actions seeking to enforce the terms of pooling and servicing agreements to which they were parties, a critical fact that distinguishes their case from Kelly's.